Citation Nr: AXXXXXXXX
Decision Date: 06/29/21 Archive Date: 06/29/21

DOCKET NO. 201008-112322
DATE: June 29, 2021

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

Entitlement to service connection for a cervical disability is remanded.

Entitlement to service connection for a right shoulder disability is remanded.

REASONS FOR REMAND

The Veteran had active duty service from March 1969 to March 1973. 

While legacy appeals were pending, the Veteran opted into the Appeals Modernization Act review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in March 2018, before his legacy appeals were activated at the Board. The Veteran requested Higher-Level Review and the Agency of Original Jurisdiction (AOJ) issued the rating decision on appeal in September 2018. He filed a timely appeal to the Board and requested direct review of the evidence considered by the AOJ.

Under VA regulations for direct review appeals, the Board is to consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301. However, if the Board finds that AOJ made a pre-decisional error, such as relying on an inadequate medical opinion in denying the Veteran's claim, the Board may remand to correct the pre-decisional error. 

1. Entitlement to service connection for bilateral hearing loss is remanded.

2. Entitlement to service connection for tinnitus is remanded.

In an April 14, 2014 VA treatment record, a VA examiner reported scanning an audiogram into the VA hospital's computer system. The record does not contain a copy of that audiogram. The record contains no indication that the AOJ obtained a copy of the audiogram prior to the September 2018 denial of the Veteran's claim. The AOJ's failure to obtain a copy of that audiogram for the record constitutes a pre-decisional error and a remand is necessary to obtain a copy for the record.

Additionally, in June 2020, the Board found that the AOJ relied on inadequate medical opinions in denying the Veteran's claim for service connection for both bilateral hearing loss and tinnitus. The Board remanded for medical opinions, based on the record of evidence, regarding the etiologies of the claimed disabilities. A VA examiner subsequently reviewed the record and submitted September 2020 VA medical opinions indicating that the Veteran's claimed bilateral hearing loss and tinnitus were not at least as likely as not related to service. However, the Board finds that the September 2020 VA medical opinions are inadequate, because they either do not take into account or misinterpret the Veteran's lay reports of his in-service symptomatology. 

The Board notes that the Veteran is presumed to have been exposed to jet noise while performing his duties as a hydraulics mechanic during service. In several statements throughout the record, the Veteran has reported experiencing both hearing loss and tinnitus symptoms during service after exposure to jet noise. However, in the September 2020 VA medical opinion regarding the Veteran's claimed hearing loss, the VA examiner did not mention any of the Veteran's statements regarding in-service hearing loss symptoms. 

Moreover, in the September 2020 opinion regarding the Veteran's claimed tinnitus, the VA examiner either failed to mention or misinterpreted the Veteran's statements regarding the onset of his symptoms. First, the examiner failed to mention the Veteran's statements to VA indicating tinnitus symptoms beginning after exposure to jet engines during active duty and lasting through his discharge. Instead, the September 2020 examiner wrote that the Veteran had previously told a VA examiner that he had experienced tinnitus symptoms for thirty years. The September 2020 VA examiner indicated that, if the Veteran had experienced symptoms for thirty years, such symptoms would have appeared during the 1990s, approximately twenty years after the Veteran's discharge from service. However, the VA examiner failed to note that the Veteran's statement, suggesting that he had experienced tinnitus symptoms for 30 years, was made to a different VA examiner in 2007. Therefore, in that 2007 VA treatment record, the Veteran, who was discharged in 1973, was actually saying that he had had tinnitus since the 1970s. 

The Board finds that the September 2020 VA medical opinions, which were requested to address the inadequacies of the opinions relied upon by the AOJ in denying the Veteran's claims in September 2018, are themselves inadequate. As they fail to correct the pre-decisional errors noted in the June 2020 Board remand, remand for an additional audiological examination is necessary. 

3. Entitlement to service connection for a cervical disability is remanded.

4. Entitlement to service connection for a right shoulder disability is remanded.

In October 2017 VA medical examination reports provided to determine the etiologies of the Veteran's respective cervical and right shoulder disabilities, the Veteran advised examiners that he experienced in-service onset of disability symptomatology for each disability, and that said symptomatology had worsened since service. In June 2020, the Board found that the AOJ medical opinions in the October 2017 VA medical examination reports were inadequate. Because the AOJ had relied on those opinions in denying the Veteran's claims for service connection for cervical spine and right shoulder disabilities, the Board remanded for medical opinions, based on the record of evidence, regarding the etiologies of the claimed disabilities. A VA examiner subsequently reviewed the record and submitted September 2020 VA medical opinions indicating that the Veteran's claimed cervical spine and right shoulder disabilities were not at least as likely as not related to service. However, in writing the September 2020 opinions, the examiner failed to mention any of the Veteran's lay reports of in-service disability symptomatology with subsequent worsening of such symptoms. 

The Board finds that the September 2020 VA medical opinions, which were requested to address the inadequacies of the opinions relied upon by the AOJ in denying the Veteran's claims in September 2018, are themselves inadequate. As they fail to correct the pre-decisional errors noted in the June 2020 Board remand, an additional remand for an additional examination is necessary. 

Regarding all issues, the VA treatment records that were in evidence at the time of the AOJ's September 2018 denial of the Veteran's claims contain notations indicating that a VA employee scanned medical records into a VA hospital's imaging system, but do not contain any copies of the scanned records. Any treatment records scanned into a VA hospital's imaging system are within VA's constructive possession and are considered potentially relevant to the issues on appeal. The failure to obtain copies of these records is a pre-decisional error that should be remedied. Remand is required to allow VA to obtain those records.

The matters are REMANDED for the following action:

1. Obtain all outstanding VA treatment records. Specifically, obtain the most recent VA treatment records not included in the record of evidence and the records noted as having been scanned into the Vista imaging system by VA Medical Center personnel, as noted in the VA treatment records in evidence, dated May 21, 2012, April 18, 2011, and April 13, 2011.

2. Schedule the Veteran for an audiology examination by a VA medical examiner who has not previously examined the Veteran, to determine the nature and etiology of the Veteran's claimed bilateral hearing loss and tinnitus disabilities. The examiner must review the claims file, to include the service medical records, the post-service treatment records, and the Veteran's lay statements, to particularly include any statements regarding the onset of the Veteran's claimed disabilities. The examiner should note that VA presumes that the Veteran experienced loud noise exposure in the form of jet noise while performing his required in-service duties. Having performed the examination, interviewed the Veteran, and reviewed the claims file, the examiner should do the following:

(a.) Diagnose any bilateral hearing loss and tinnitus disabilities.

(b.) Opine whether it is at least as likely as not (50 percent probability or greater) that a diagnosed hearing loss disability had its onset during the Veteran's service or is related to any event, injury, or disease during the Veteran's active service, to include presumed in-service loud noise exposure.

(c.) Opine whether it is at least as likely as not (50 percent probability or greater) that a diagnosed tinnitus disability had its onset during the Veteran's service or is related to any event, injury, or disease during the Veteran's active service, to include presumed in-service loud noise exposure.

3. Schedule the Veteran for an orthopedic examination by a VA orthopedist who has not previously examined the Veteran, to determine the nature and etiology of the Veteran's claimed cervical spine and right shoulder disabilities. The examiner must review the claims file, to include the service medical records, the post-service treatment records, and the Veteran's lay statements, to particularly include any statements regarding the onset of the Veteran's claimed disabilities. In reviewing the service medical records, the examiner should particularly note those indicating treatment for right shoulder and neck-related symptoms in July 1969, November 1969, and May 1971. After performing the examination, interviewing the Veteran, and reviewing the claims file, the examiner should do the following:

(a.) Diagnose any cervical spine and right shoulder disabilities.

(b.) Opine whether it is at least as likely as not (50 percent probability or greater) that a diagnosed cervical spine disability had its onset during the Veteran's service or is related to any event, injury, or disease during the Veteran's active service.

(c.) Opine whether it is at least as likely as not (50 percent probability or greater) that a diagnosed right shoulder disability had its onset during the Veteran's service or is related to any event, injury, or disease during the Veteran's active service. 

 

 

Roya Bahrami

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T.M. Gillett

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.